UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRY R. COCHRANE,<br><br>　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:13-cv-00077-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition, seeking to dismiss Grounds 2 through 7. (Dkt. no. 8.)

**I.	PROCEDURAL HISTORY**

On August 19, 2010, a judgment of conviction was entered against petitioner, having been found guilty, pursuant to a jury trial, of possession of a stolen vehicle and sentenced to a term of 240 months with minimum parole eligibility of 60 months. (Exhibit 17).[1] Petitioner appealed his conviction. (Exhibit 18.) Petitioner's fast track statement was filed December 13, 2010. (Exhibit 29.) On September 10, 2011, the Nevada Supreme Court issued an order affirming petitioner's convictions. (Exhibit 31). Remittitur issued on October 17, 2011. (Exhibit 32.)

---

[1] The exhibits referenced in this order are found in the Court's record at dkt nos. 9 & 10.

On November 30, 2011, and December 19, 2011, petitioner filed post-conviction petitions for a writ of habeas corpus in state district court. (Exhibits 33 & 34.) On March 30, 2012, the state district court entered findings of fact, conclusions of law, and order denying the post-conviction habeas petitions. (Exhibit 36.) Petitioner appealed from the denial of his post-conviction habeas petition. (Exhibit 37.) On January 16, 2013, the Nevada Supreme Court entered an order affirming the denial of the post-conviction habeas petition. (Exhibit 39.) Remittitur issued on February 12, 2013. (Exhibit 40.)

Petitioner dispatched his petition to this Court on February 12, 2013. (Dkt. no. 1-2.) This Court entered an order on May 14, 2013, directing the Clerk of Court to file the petition (dkt. no. 5) and directing respondents to file a response to the petition. (Dkt. no. 4.) Respondents filed the instant motion to dismiss the petition on June 24, 2013. (Dkt. no. 8.) On July 18, 2013, petitioner filed a motion for a stay. (Dkt. no. 17.) Respondents filed a notice of non-opposition to petitioner's motion for stay. (Dkt. no. 18.) Petitioner filed a response to the motion to dismiss on August 2, 2013. (Dkt. no. 19.) Most recently, on February 12, 2014, petitioner filed a motion to withdraw his motion for a stay. (Dkt. no. 20.) In light of Court's rulings set forth in this order, petitioner's motion to withdraw his earlier-filed motion to stay is granted.

II.   **DISCUSSION**

    A.   **Exhaustion Argument**

Respondents argue that Ground 3 of the petition, a claim of deficient jury instructions, is unexhausted because petitioner never submitted the factual and legal claim to the Nevada state courts.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy,* 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

In Ground 3 of the federal petition, petitioner alleges that jury instruction #3 was deficient in that the instruction omitted the definitions for each element of the crime of possession of a stolen vehicle. (Dkt no. 5, at pp. 11-12.) Petitioner further claims that trial and appellate counsel were ineffective for failing to raise the issue that jury instruction #3 was deficient. (*Id.*, at p. 13.) In state court, petitioner raised the underlying claim that jury instruction #3 omitted elements of the crime in violation of his constitutional rights. (Exhibit 33, at pp. 2-3.) Petitioner also raised the claim that counsel was ineffective for failing to raise the issue that jury instruction #3 was deficient. (Exhibit 33, at pp. 2-3 and Exhibit 34, at p. 16.) Because the claim raised in Ground 3 of the federal petition was raised in the state courts, the claim is exhausted. Accordingly, respondents' motion to dismiss on this issue is denied.

**B.    Procedural Default Argument**

Respondents argue that Grounds 2, 5, 6, and 7 were procedurally defaulted in state court and should be dismissed from this federal habeas corpus action. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

> alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). In order for the procedural bar doctrine to apply and preclude federal review, the state court must actually rely on the procedural bar as a separate basis for its disposition of the claim. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989). If the state court reaches the merits of a claim instead of relying on a procedural bar, the claim is not procedurally defaulted in state court and the federal court may review the merits of the claim. *Harris*, 489 U.S. at 262-63. "Unless a court expressly states that it is relying upon a procedural bar, [the court] must construe an ambiguous state court response as acting on the merits of the claim, if such a construction is plausible." *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008).

Respondents argue that the state district court found petitioner's claims in Grounds 2, 5, 6, and 7 were procedurally defaulted because petitioner failed to raise the claims on direct appeal, pursuant to NRS 34.810(1)(b)(2). Respondents state that the Nevada Supreme Court affirmed the state court's denial of the petition without comment. The Nevada Supreme Court did not affirm without comment or opinion. The Nevada Supreme Court entered a 12 page order addressing the merits of petitioner's claims on appeal and affirming the denial of the state post-conviction habeas petition. (Exhibit 39.) Similar to the case in *Chambers v. McDaniel*, 549 F.3d at 1196, the Nevada Supreme Court issued an order stating that: "We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted." (Exhibit 39, at p. 12, n.4.) In *Chambers*, the Nevada Supreme Court's opinion contained a similar footnote that stated: "We have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted." *Chambers*, 549 at p. 1196. As in *Chambers*, the Nevada Supreme Court in the instant case did not

4

state that it would not consider petitioner's claims, and it did not explicitly invoke any state procedural rule that would bar consideration of petitioner's claims. In *Chambers*, the Ninth Circuit held that "unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." *Chambers*, 549 F.3d at 1197. Importantly, the *Chambers* court held that language indicating the Nevada Supreme Court had "considered" all materials filed by the parties and "concluding" that relief was unwarranted, constituted a decision on the merits. *Id.* at 1198. In the instant case, because the Nevada Supreme Court did not expressly state that it relied on a procedural bar, and because the Nevada Supreme Court's order of affirmance indicated that it considered all materials filed and concluded that relief was unwarranted, this Court cannot conclude that petitioner's claims were procedurally defaulted, but rather, must conclude that the Nevada Supreme Court ruled on the merits of petitioner's claims. Accordingly, the Court denies respondents' motion to dismiss Grounds 2, 5, 6, and 7 as procedurally barred. Respondents will be required to file an answer to these grounds, as specified at the conclusion of this order.

### C.     Fourth Amendment Illegal Search and Seizure Claim

Respondents seek to dismiss Ground 4, petitioner's Fourth Amendment search and seizure claim, pursuant to the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976).

Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a

Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

In Ground 4 of the federal petition, petitioner asserts that he was subjected to an illegal search and seizure in violation of his Fourth Amendment rights. It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981). Specifically, petitioner litigated the Fourth Amendment claim and suppression of evidence arguments in his pretrial habeas corpus writ, filed in the state district court. (Exhibit 4.) The state district court denied the petition. (Exhibit 6.) Petitioner then raised the Fourth Amendment claim on direct appeal to the Nevada Supreme Court. (Exhibit 29.) The Nevada Supreme Court entered an order of affirmance on September 19, 2011, finding that petitioner's Fourth Amendment search and seizure claim lacked merit. (Exhibit 31, at pp. 1-3.) The Fourth Amendment claim raised in Ground 4 of the federal habeas petition was exhaustively litigated in the state court below. Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that he now presents in his federal habeas petition, this Court is precluded from reviewing that claim. *Stone v. Powell,* 428 U.S. 465, 495 (1976). Accordingly, Ground 4 of the petition is dismissed with prejudice.

**III.    CONCLUSION**

It is therefore ordered that petitioner's motion to withdraw his prior motion for a stay (dkt. no. 20) is granted**.** The motion for a stay (dkt no. 17) is stricken.

It is further ordered that the respondents' motion to dismiss (dkt. no. 8) is granted in part and denied in part, as follows:

1.    The motion to dismiss Ground 3 as unexhausted is denied.

2.    The motion to dismiss Grounds 2, 5, 6, and 7 as procedurally barred is denied.

///

3. The motion to dismiss Ground 4 of the petition is granted. Ground 4 is dismissed with prejudice pursuant to *Stone v. Powell*, 428 U.S. 465 (1976).

4. This action shall proceed on all grounds of the petition, except Ground 4.

It is further ordered that respondents shall file and serve an answer to the remaining grounds of the petition within thirty (30) days from the entry of this order. The answer shall include substantive arguments on the merits of the remaining grounds of the petition. No further motions to dismiss will be entertained.

It is further ordered that petitioner shall file and serve a reply to the answer, within thirty (30) days after being served with the answer.

DATED THIS 27th day of February 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE