UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TERRY R. COCHRANE,

                     Petitioner,

    v.

RENEE BAKER, *et al.*,

                     Respondents.

Case No. 3:13-cv-00077-MMD-WGC

ORDER

       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

       By order filed February 28, 2014, this Court granted in part and denied in part respondents' motion to dismiss the petition. The Court denied respondents' motion to dismiss Ground 3 as unexhausted, denied respondents' motion to dismiss Grounds 2, 5, 6 and 7 as procedurally barred, and granted the motion to dismiss Ground 4 pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). The Court directed respondents to file an answer to all grounds of the petition except for Ground 4. (Dkt. no. 22.) After obtaining two extensions of time, respondents filed an answer on May 15, 2014. (Dkt. no. 31.) The Court's order of February 28, 2014, directs petitioner to file and serve a reply to the answer within thirty (30) days after being served with it. (Dkt. no. 22 at 7.)

       On March 6, 2014, petitioner filed a motion to extend his copywork limit, which respondents did not oppose. (Dkt. no. 23.) In his motion, petitioner explains that he has reached or exceeded the $100.00 limit for free copywork pursuant to the Nevada

Department of Corrections' Administrative Regulations. On June 5, 2014, petitioner filed several motions, including another motion to extend his copywork limit, this time listing ten different possible pleadings that he will need to file for this action. (Dkt. no. 34.) Respondents opposed petitioner's motion. (Dkt. no. 39.) The Court agrees with respondents to the extent they argue that petitioner is not entitled to expenses for all ten categories of documents listed in his motion. Rather, this Court will authorize a reasonable allowance of copywork so that petitioner may prepare and file a reply to the answer.

Petitioner has filed a motion "requesting permission to file a proper writ challenging the lack of subject matter jurisdiction in the above-titled matter." (Dkt. no. 35.) In his motion, petitioner states that: "It was not apparent that the 8th Judicial District Court and all other Courts, lacked subject matter jurisdiction." (*Id.*) Respondents opposed petitioner's motion. (Dkt. no. 38.) To the extent that petitioner is seeking to challenge the jurisdiction of the Eighth Judicial District Court over his previously-filed state petition, petitioner may not add such a claim to this action. Petitioner's motion is denied.

Petitioner has filed a motion for the Court to take his motions under submission. (Dkt. no. 36.) Respondents oppose this motion. (Dkt. no. 40.) In this order, petitioner's motions are addressed. As such, petitioner's motion for the Court to take his motions under submission is granted. The Court reminds petitioner, however, that he need not present this Court with any further motions to take his motions under submission.

Petitioner has filed a motion asking this Court to set a deadline ("time limit") for him to file a reply to the answer. (Dkt. no. 37.) As respondents point out in their opposition, this Court's order of February 28, 2014, has already set a deadline for petitioner to file his reply within thirty (30) days after being served with the answer. Respondents filed and served the answer on May 15, 2014. (Dkt. no. 32.) However, because petitioner's motions are resolved in this order, at the conclusion of this order, the Court sets a new deadline within which petitioner shall file a reply to the answer.

On July 9, 2014, petitioner filed a "motion for a stay to exhaust a ground." (Dkt. no. 41.) Respondents oppose petitioner's motion. (Dkt. no. 43.) In the order filed February 28, 2014, this Court denied respondents' motion to dismiss the petition for lack of exhaustion, and the Court found that Ground 3 is exhausted. (Dkt. no. 22 at 2-3.) Moreover, to the extent that petitioner seeks a stay to challenge the state court's alleged lack of subject matter jurisdiction over his case, the motion is denied. This action shall proceed on the grounds alleged in the petition (dkt. no. 4) and petitioner shall file a reply to the answer within sixty (60) days from the date of entry of this order, as provided in the conclusion of this order.

It is therefore ordered that petitioner's motions to extend his prison copywork limit (dkt. nos. 23 & 34) are granted, insofar as the Nevada Department of Corrections shall grant petitioner a reasonable amount of copywork free of charge so that petitioner may prepare and file a reply to the answer. Petitioner's copywork limit shall be increased by at least $10.00.

It is further ordered that petitioner's motion "requesting permission to file a proper writ challenging the lack of subject matter jurisdiction in the above-titled matter" (dkt. no. 35) is denied.

It is further ordered that petitioner's motion for the Court to take his motions under submission (dkt. no. 36) is granted.

It is further ordered that petitioner's motion asking this Court to set a "time limit" for him to file a reply to the answer (dkt. no. 37) is granted.

It is further ordered that petitioner's "motion for a stay to exhaust a ground" (dkt. no. 41) is denied.

It is further ordered that petitioner shall file and serve a reply to the answer within sixty (60) days from the date of issuance of this order.

DATED THIS 25th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3